# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-0741 |
| v. | (JUDGE CAPUTO) |
| WELLWORTH HOMES, INC., | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court is a Complaint filed by Plaintiff State Farm Fire & Casualty Company. (Doc. 1.) Because the Complaint fails to establish that this Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiff can show that diversity jurisdiction is proper.

## I. Background

Plaintiff brings this action alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1, ¶ 5.) Plaintiff State Farm Fire & Casualty Company is alleged to be "an Illinois corporation with a principal place of business located at One State Farm Place, Bloomington, IL." (Doc. 1, ¶ 1.) Defendant Wellworth Homes, Inc. is alleged to be a "corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 130 Woodhaven Drive, White Haven, PA 18661." (Doc. 1, ¶ 3.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28

U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

The Complaint fails to properly allege the citizenship of the parties. A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the

plaintiff allege where a corporation has *"its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

Here, the Court is informed that Plaintiff has *a* principal place of business in Illinois and Defendant has *a* principal place of business in Pennsylvania. However, in order to properly plead the citizenship of these corporations, Plaintiff must allege *the* principal place of business of these corporate entities. As the Complaint fails to allege this fact, the Court cannot determine whether there is proper jurisdiction over these corporate parties.

### III. Conclusion

For the above stated reasons, the Complaint fails to adequately plead the citizenship of Plaintiff and Defendant. As Plaintiff has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, pursuant to 28 U.S.C. § 1653, Plaintiff will be permitted the opportunity to demonstrate that diversity-of-citizenship jurisdiction exists, thereby saving its Complaint. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."). As such, Plaintiff will be given twenty-one (21) days in which

to file an amended complaint.  Failure to do so will result in the dismissal of this action.  An appropriate order follows.


| April 25, 2012 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |